David R. Paoli
**Paoli Kutzman, P.C.**
257 West Front Street, Suite a
P.O. Box 8131
Missoula, MT  59802
(406) 542-3330
(406) 542-3332 fax
DavidRP@aol.com

Mike Kerensky
**Williamson & Rasnak**
4310 Yoakum Blvd.
Houston, TX 77006
713-223-3330
713-223-0001 fax
Mike@jimmywilliamson.com
*Pro Hac Vice Pending*

*Attorneys for Plaintiffs, Candace Friesen, individually and as Representative of the Estate of Ladell Friesen and as next friend of her, minor daughter Abigail Ladell Friesen; Stan Friesen and Lois Friesen.*

Jeffrey M. Doud
Meghan M. Doud
Timothy W. McKeon
McKEON DOUD, P.C.
60 Four Mile Drive, Suite 11
Post Office Box 7878
Kalispell, Montana 59904
(406) 755-7600
(406) 755-7670 fax
jeff@mckeondoudlaw.com

*Attorneys for the Plaintiffs Daryl Marcocchio individually and as next friend of his minor daughter Madison Marchocchio*

UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CANDACE FRIESEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LADELL FRIESEN and AS NEXT FRIEND OF HER MINOR DAUGHTER ABIGAIL LADELL FRIESEN; STAN FRIESEN; LOIS FRIESEN; DARRYL MARCOCCHIO INDIVIDUALLY AND AS NEXT FRIEND OF HIS MINOR DAUGUTER MADISON MARCOCCHIO; and KELLY MARCOCCHIO, | Cause No.: _____<br><br>Hon.: _____<br><br><br>**COMPLAINT AND JURY DEMAND** |
| vs. | |
| ACE DORAN HAULING & RIGGING, INC.; ISSAC SAUNDERS COLES; And DOES 1-25. | |

_____

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, CANDACE FRIESEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LADELL FRIESEN and AS NEXT FRIEND OF HER MINOR DAUGHTER ABIGAIL LADELL FRIESEN; STAN FRIESEN; LOIS FRIESEN, by and through her counsel David R. Paoli of Paoli Kutzman, P.C. and Mike Kerensky of Williamson & Rusnak (*Pro Hac Vice Pending*) and DARYL MARCOCCHIO INDIVIDUALLY AND AS NEXT FRIEND OF HIS MINOR DAUGUTER MADISON

MARCOCCHIO and KELLY MARCOCCHIO  by and through their counsel, Jeffrey M. Doud, Meghan M. Dound and Timothy W. McKeon of McKeon Doud, P.C.., and files this Original Complaint against ACE DORAN HAULING & RIGGING, INC. and ISSAC SAUNDERS COLES and in support thereof would say and show unto the Court as follows**:**

## I.    PARTIES

1.    CANDACE FRIESEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LADELL FRIESEN and AS NEXT FRIEND OF HER MINOR DAUGHTER ABIGAIL LADELL FRIESEN; STAN FRIESEN; LOIS FRIESEN and DARYL MARCOCCHIO INDIVIDUALLY AND AS NEXT FRIEND OF HIS MINOR DAUGUTER MADISON MARCOCCHIO at all relevant times were and remain resident citizens of Alberta Canada, residing in Lethbridge, Alberta, Canada.    DARYL MARCOCCHIO INDIVIDUALLY AND AS NEXT FRIEND OF HIS MINOR DAUGUTER MADISON MARCOCCHIO resides and at all relevant times lived in the city of Medicine Hat, Alberta, Canada.    KELLY MARCOCCHIO resides and at all relevant times lived in the city of Medicine Hat, Alberta, Canada.

2.    ACE DORAN HAULING & RIGGING, INC. (hereinafter "Ace Doran") is a corporation organized under the laws of Ohio and has its corporate offices in Cincinnati, Ohio and is a business for the purpose of

accumulating monetary profit. At the time of the incident made the basis of this suit, Ace Doran was conducting business in the state of Montana and this cause of action arises out of those business contacts.  Service can be had upon Ace Doran by serving its president and registered agent for service, Daniel J. Doran at 1601 Blue Rock Street, Cincinnati, Ohio 45233.

3.     ISSAC SAUNDERS COLES (hereinafter "Coles") is an individual who resides in Stone Mountain, Georgia. Coles was an employee or agent of Ace Doran and was conducting business in the state of Montana at the time of the incident made the basis of this suit and this cause of action arises out of those business contacts. Service can be had upon Coles at his home address, 6292 Field Mill Road, Stone Mountain, Georgia, 30087.

## II.     <u>JURISDICTION</u>

4.     This Court has original diversity jurisdiction pursuant to 28 U.S.C.A.§1332(a)(2).  This is a civil action for damages.  The amount in controversy exceeds the sum or value of $75,000.00 and is between citizens of the United States and citizens of the foreign state of Canada. CANDACE FRIESEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LADELL FRIESEN and AS NEXT FRIEND OF HER DAUGHTER ABIGAIL LADELL FRIESEN, STAN FRIESEN, LOIS FRIESEN and DARYL MARCOCCHIO  INDIVIDUALLY AND AS NEXT

FRIEND OF HIS MINOR DAUGUTER MADISON MARCOCCHIO and KELLY MARCOCCHIO have not been at any relevant time lawfully admitted for permanent residence in the United States nor have they been domiciled in the same states as Ace Doran or Coles at any relevant time.

### III.   FACTUAL BACKGROUND

5.    On or about February 22, 2011, Candace and Ladell Friesen were returning home from a weekend of skiing and relaxation with their niece Madison Marcocchio at the Pine Lodge in Whitefish, Montana. They were traveling northeast on U.S. Route 2 and approaching mile marker 182. Ladell Friesen was driving.  Candace was in the front passenger seat and Madison was sitting in the back seat behind Candace in their 2001 Volvo. As they rounded a corner, heading uphill, they saw an 18 wheel tractor trailer, sliding out of control and jackknifing down the hill directly towards them.  Ladell took all available evasive action to avoid a crash.  Ladell pulled to the right onto the shoulder and against the guardrail.  The out of control jackknifing tractor trailer crashed into Ladell, Candace and Madison, crushing their Volvo against the guardrail.  The tractor trailer continued to skid down the hill after crushing the Volvo against the guardrail.  The tractor trailer was being driven by Coles. Coles was acting on behalf of and was an agent, servant and or employee of Ace Doran at the time of this crash.

Nothing Ladell Friesen did or failed to do caused or contributed to the cause of this tremendous crash.

6.    Coles was driving the tractor trailer on the day of the crash pursuant to a so called "Independent Contractor Agreement" between Coles and Ace Doran.  Coles was not an independent contractor.  Ace Doran controlled the details of Coles' work on a daily basis.  Coles did not drive for any other trucking company at the time of crash.  Coles was on his way to pick up cargo at the direction of Ace Doran at the time of the crash.  Pursuant to the agreement between Coles and Ace Doran, Ace Doran was responsible for the inspection, maintenance and repair of the tractor and trailer that Coles was driving at the time of the crash.  Ace Doran was responsible for inspecting, maintaining and repairing the tractor and trailer in a manner that complied with federal safety standards.  Ace Doran failed to inspect, maintain and or repair the tractor and trailer properly prior to the crash.  In fact, the tractor and trailer were not in compliance with federal safety standards written and enforced to protect the public traveling on public roadways.  The failure of Ace Doran to inspect, maintain and repair the tractor and trailer involved in the crash was negligence and negligence per se and was a proximate cause of the crash in question.  Further, Ace Doran actually knew the tractor and trailer involved in this crash was not in

compliance with federal safety standards and therefore dangerous to the traveling public on the highways of Montana or was consciously indifferent to those dangerous conditions.   Ace Doran was obligated under United States federal safety regulations to inspect, maintain and repair the tractor and trailer involved in the crash.   Ace Doran was contractually responsible to inspect, maintain and repair the tractor and trailer.   Ace Doran breached its regulatory duty and its contractual obligations to inspect, maintain and repair the tractor and trailer involved in the crash made the basis of this suit and said breaches were a proximate cause of the crash in question.

7.     Coles was negligent in the operation of the tractor and trailer that crashed into the Friesen Volvo on or about February 22, 2011.   Coles was driving too fast for the conditions.   Coles failed to place safety chains on the tires of the tractor and trailer prior to the crash in question.   Coles improperly and negligently applied his brakes on the tractor and trailer causing it to lose control and impairing his ability to regain control.   Coles knew that the tractor and trailer he was driving did not meet minimum United States safety standards and was negligent in operating the vehicle in that condition.   Coles has admitted that he was negligent in the operation of the tractor and trailer and pleaded guilty to criminal charges of vehicular

manslaughter in Flat Head County state court.  These acts of negligence were a proximate cause of the crash.

8.     Ladell Friesen enjoyed an extraordinarily close relationship with his mother and father, Stan and Lois Friesen.  They all lived in Lethbridge, Alberta where Ladell had been raised with his sister.  Ladell spoke with both his parents on an almost daily basis.  One of Ladell's closest confidants was his mother.  Ladell and his father Stan, in addition to being father and son, had a business relationship. Stan assisted Ladell in his growing construction business.  Ladell and Stan were partners in a new business that was to sell stone flooring to the construction industry in Alberta that was flourishing at the time.  They had located a special type of stone cutting equipment and a third business partner to join them in this new venture.  They had planned to order this equipment the week after the crash.  The venture was funded.  Ladell had told his father, "This business will provide for yours and mom's retirement."  This was one of Ladell's ways of thanking his parents for all that they had done for him growing up and as a young adult.  Ladell was always available to Stan and Lois to help them in any way he could around the house, in business or otherwise. Stan and Lois were crushed when they heard about the crash.  Ladell was

their son and a huge part of their everyday life.  He and Candace were expecting their grandchild.

9.     The crushing impact in this crash caused serious injuries to both Candace and Madison. Ladell had taken the brunt of the impact on the driver's side of the vehicle.  Ladell had been pushed over and was leaning against Candace's seat.  She cradled his head in her hands and tried to talk to Ladell.  Candace looked to see how badly Madison was injured.  At first, Madison seemed unconscious but slowly started moving and crying in pain.  Candace and Madison saw that Ladell's head was severely injured and his blood was spattered throughout the interior of the Volvo and onto them both.  Candace and Madison were terrified.  It was a cold February evening and getting darker. There were no eye witnesses to the impact of the crash or events leading up to the crash.  Other people who were traveling on U.S. Route 2 stopped to render aid.  All the windows of the Volvo had been smashed except the back seat passenger side window. Madison kept asking what was wrong with Ladell.  The bystanders handed Candace a blanket to cover her husband in hopes that he might survive and to prevent him from going into shock.  Candace did not want to leave her husband behind in the Volvo.  It took a long time for the emergency workers and state police to arrive at the accident scene.  Madison was

becoming more and more upset by the sight of the Ladell's injuries and her own injuries.  Candace wanted to get Madison to safety and out of the car, but she did not want to leave her mortally wounded husband.  Bystanders helped Madison climb out of the smashed back window.   Madison screamed in pain when she moved to climb out of the window.  Candace stayed with Ladell holding his head talking to him.  She begged him to come back to her. After a long while, bystanders rendering aid convinced Candace that she needed to get out of the car so the extent of her injuries could be assessed.  It was devastating having to leave Ladell behind, trapped in the crushed Volvo.  Candace joined Madison in a bystander's vehicle.   Madison was horrified by Candace's face that was black and burned in the crash.  The first emergency crews arrived and it was then that they told Candace that Ladell was gone.  Candace asked if once they got Ladell out of the Volvo if maybe he might still be alive.  The emergency personnel told her that they would do all that could be done for Ladell once they cut him out of the Volvo with the jaws of life.  Madison was very frightened and started yelling that she did not want to go in the ambulance. She was afraid to go anywhere in any vehicle after what had just happened.  Candace and a woman who had comforted Madison in the bystander vehicle accompanied her to the ambulance and rode with her to

the hospital.  As they drove away, Ladell was still trapped in their Volvo. Ladell, husband of Candace and expectant father, son to Lois and Stan Friesen, and uncle to Madison was dead.

10.    On or about August 25, 2011, Candace gave birth to her and Ladell's daughter.  A 7 pound, 1 ounce healthy baby girl.  After the crash, there was uncertainty about whether their unborn child had been injured in the crash. All that could be done was wait and see if the baby would be healthy. Candace named her Abigail Ladell Friesen.  Candace was still overwhelmed with the grief of losing her husband.  Candace now faced the future without Ladell.  Ladell was a good provider with a growing and strong construction business.  He was a great husband who loved and was completely devoted to his wife Candace.  Ladell was so excited about becoming a father that he could hardly contain himself.  Now he was gone and Candace had just given birth to a child who would never meet her father.  Without Ladell,  Candace faced the uncertainty of providing for her daughter alone.   Candace had to face the reality that she would raise Abigail as a single parent.  These facts were overwhelming to Candace. She was simultaneously flooded with the joy of having a beautiful baby girl and the devastation of not being able to share the experience of loving and raising this child with her child's father and her loving husband, Ladell.

11.    Following the collision, Madison Marcocchio suffered from night terrors and episodal flashbacks from the collision.   Madison's parents, Darryl and Kelly Marcocchio, sought counseling for their daughter. Through counseling, Madison was diagnosed with Post Traumatic Stress Disorder.

12.    Darryl and Kelly Marcocchio have spent countless hours caring for and soothing Madison when she has nightmares and flashbacks from the collision.

### IV.    FIRST CAUSE OF ACTION-NEGLIGENCE – ACE DORAN

13.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

14.    Ace Doran was negligent in the inspection, maintenance and repair of the 18 wheel truck and trailer that was involved in the crash.   Ace Doran had the duty as a reasonably prudent trucking company to inspect, maintain and repair the 18 wheel truck and trailer that was being driven by Coles at the time of the crash.   Ace Doran breached this duty and said breach was negligent.   Ace Doran further contractually assumed the duty to inspect, maintain and repair the 18 wheel truck and trailer that was being driven by Coles at the time of the crash.   Ace Doran breached these contractual duties and said breach was negligent.   This negligence on the

part of Ace Doran was a proximate cause of the crash and the damages suffered by the Friesen family and Madison Marcocchio.

## V.     SECOND CAUSE OF ACTION – NEGLIGENCE PER SE – ACE DORAN

15.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

16.    Ace Doran was obligated to inspect, maintain and repair trucks that it was operating or leasing as part of its fleet of trucks pursuant to United States federal safety standards applicable to commercial trucks.   The purpose of the United States federal safety standards is to protect motorists who share public highways with commercial trucks.   The 18 wheel truck and trailer involved in the crash did not satisfy minimum United States federal safety standards and regulations including but not limited to, The Motor Carrier Safety Improvement Act of 1999; 49 CFR §396.3; 49 CFR §396.7; 49 CFR §396.9; 49 CFR §396.13; 49 CFR 396.17;   49 CFR §393.75; 49 CFR §385.5; 49 CFR §390.11; 49 CFR §390.13; 49 CFR §392.7.  Ace Doran failed to comply with the minimum requirements of all or some of these United States federal regulations promulgated by the Federal Motor Carrier Safety Administration, Department of Transportation. Ace Doran was negligent per se as a result of these violations. The

violation of these regulations was a proximate cause of the crash and the Plaintiffs' damages.

## VI.   THIRD CAUSE OF ACTION-GROSS NEGLIGENCE – ACE DORAN

17.   Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

18.   Ace Doran acted with actual malice regarding the safety and welfare of persons traveling on the public highways of Montana, The United States and Canada.   Ace Doran had knowledge of facts and/or intentionally disregarded facts that created a high probability of injury or death to persons traveling on the public highways, including Ladell and Candace Friesen and Madison Marcocchio.  Ace Doran deliberately proceeded to act in conscious disregard and or indifference to the high probability of injury or death to persons traveling on the public highways, including Ladell and Candace Friesen and Madison Marcocchio.  As a result of Ace Doran's actual malice, Plaintiffs seek punitive damages as provided under Mont. Code Ann. § 27-1-221 and Mont. Code Ann. § 27-1-220 and all other applicable statutes and the common law of Montana.

## VII.   FOURTH CAUSE OF ACTION – NEGLIGENT HIRING, SUPERVISION AND RETENTION

19.   Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

20.    Defendant Ace Doran knew, or in the exercise of reasonable care should have known, that Defendant Coles was incompetent and unfit to perform the job that he was hired to perform.   Ace Doran failed to adequately supervise and train Coles how to safely operate the tractor and trailer he was driving when the crash occurred.

21.    Defendant Ace Doran had a duty of reasonable care to ensure Coles was competent, fit, supervised and trained to safely operate the tractor and trailer he was driving at the time of the crash in a safe manner.

22.    Defendant Ace Doran breached their duty by hiring and retaining Coles who was incompetent and unfit to safely drive the tractor and trailer and failing to supervise and train Coles in the safe operation of the tractor and trailer he was driving at the time of the crash.

23.    Defendant Ace Doran's failure to exercise reasonable care in the hiring, supervision, training and retention of Coles was a proximate cause of the crash, Ladell's death and Candace's and Madison's injuries.

## VIII.   FIFTH CAUSE OF ACTION-NEGLIGENCE-COLES

24.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

25.    Coles was negligent in the operation of the Ace Doran 18 wheel truck and trailer that crashed with the Friesen vehicle and killed Ladell and

injured Candace and Madison.  Coles had a duty to operate the Ace Doran tractor and trailer in a careful prudent manner that does not unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to use of the highway. Coles had a duty to exercise ordinary care in the operation of the Ace Doran tractor and trailer prior to the crash.  Coles breached the duty of ordinary care and said breach was a proximate cause of the damages of the Plaintiffs.

### IX.   SIXTH CAUSE OF ACTION- NEGLIGENCE PER SE-COLES

26.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

27.    Coles pleaded guilty to Mont. Code Ann. § 61-8-302 Careless Driving in response to criminal charges brought against him by the State of Montana arising out of his operation of the Ace Doran tractor and trailer. Therefore, Coles has admitted to not operating the Ace Doran tractor and trailer in a careful prudent manner that does not unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to use of the highway.  Mont. Code Ann. § 61-8-302 was enacted to protect the traveling public from drivers who operate their vehicles in a manner that unduly and unreasonably endangers the life and limbs and other rights of persons such as Ladell and Candace Friesen and Madison Marcocchio

who had a right to use the roadway on the evening of the crash in question. The admitted violation of this statute was a proximate cause of the crash and the Plaintiffs damages.

## X.    SEVENTH CAUSE OF ACTION-WRONGFUL DEATH

28.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

29.    Candace Friesen has been appointed the personal representative of the Estate of Ladell Friesen.  Candace Friesen therefore asserts on behalf of the Estate of Ladell Friesen, as well as the heirs of Ladell Friesen including Candace Friesen, Ladell Friesen's minor daughter Abigail Ladell Friesen and Ladell Friesen's parents, Stan and Lois Friesen, a cause of action for the wrongful death of Ladell Friesen seeking all elements of damages permitted under Montana law pursuant to Mont. Code Ann. § 27-1-323 and all other applicable statutes as well as the common law of Montana.  Further, Candace Friesen, individually and next friend of her minor daughter, Abigail Ladell Friesen, Stan Friesen and Lois Friesen seek wrongful death damages in their individual capacity.  The wrongful death of Ladell Friesen was proximately caused by the negligence, negligence per se, gross negligence and negligent hiring, supervision and retention of Coles of Ace Doran and the negligence and negligence per se of Coles.

Further, Stan and Lois Friesen would say and show that they had an unusually close and interdependent relationship with their son Ladell, including financial dependency as described above and, therefore, are entitled to recover for loss of consortium as a result of the death of their son, Ladell, in addition to the grief, sorrow, mental anguish and anxiety that they suffered as a result of their son's death.  Candace Friesen, individually and next friend of her minor daughter, Abigail Ladell Friesen, Stan Friesen and Lois Friesen have been deprived of Ladell's support, comfort, society, counsel and services, all to their detriment.

## XI.   EIGHTH CAUSE OF ACTION – PERSONAL INJURIES CANDACE FRIESEN AND MADISON MARCOCCHIO

30.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

31.    Candace Friesen suffered injuries to her body as a result of the crash in question.  As a result of those injuries, Candace Friesen seeks damages for her personal injuries, both those damages that she has suffered in the past and those that she will, in reasonable medical probability or certainty suffer in the future. Candace Friesen seeks all elements of damage to which she is entitled under Montana law, both in the past and in the future, including but not limited to, medical costs, pain and suffering, mental

anguish and anxiety, impairment of function and loss of income and loss of earning capacity.

32.   Madison Marcocchio suffered injuries to her body as a result of the crash in question.   As a result of those injuries, Madison Marcocchio, by and through her next friend and father Daryl Marcocchio, seeks damages for her personal injuries. Madison Marcocchio, by and through her next friend and father Daryl Marcocchio, seeks both those damages that she has suffered in the past and those that she will, in reasonable medical probability or certainty suffer in the future as a result of her injuries. Madison Marcocchio, by and through her next friend and father Daryl Marcocchio,  seeks all elements of damage to which she is entitled under Montana law, both in the past and in the future, including but not limited to, medical costs, pain and suffering, mental anguish and anxiety, impairment of function and loss of income and loss of earning capacity.

### XII.   NINTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – CANDACE FRIESEN

33.   Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

34.   Defendants' conduct caused Candace to suffer and to continue to suffer from severe and serious emotional distress, mental anguish, grief

and sorrow as a result of witnessing the death of her husband. Such distress was a reasonable and foreseeable consequence of Defendants' negligent conduct.

35.   Candace has incurred and continues to incur damages as a result of her emotional distress, mental anguish, grief and sorrow.

36.   Defendants are liable to Candace for the damages she suffered and suffers resulting from her emotional distress, mental anguish, grief and sorrow.

## XIII.  TENTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – MADISON MARCOCCHIO

37.   Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

38.   By way of Defendants' negligent acts and/or omissions, Madison Marcocchio has suffered severe emotional distress.

39.   Madison's severe emotional distress was a reasonably foreseeable consequence of Defendants' negligent acts and/or omissions.

40.   The severe emotional distress experienced by Madison was so severe that no reasonable person could be expected to endure it.

41.    Madison has suffered damages as a result of the severe emotional distress that she has experienced.

## XIV.   ELEVENTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – DARRYL MARCOCCHIO

42.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

43.    By way of Defendants' negligent acts and/or omissions, Darryl Marcocchio, father of Madison Marcocchio, has suffered severe emotional distress in caring for his injured daughter following the collision that is the subject of this lawsuit.

44.    Darryl's severe emotional distress was a reasonably foreseeable consequence of Defendants' negligent acts and/or omissions.

45.    The severe emotional distress experienced by Darryl was so severe that no reasonable person could be expected to endure it.

46.    Darryl has suffered damages as a result of the severe emotional distress that he has experienced.

## XV.   TWELFTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – KELLY MARCOCCHIO

47.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

48.    By way of Defendants' negligent acts and/or omissions, Kelly Marcocchio, mother of Madison Marcocchio, has suffered severe emotional distress in caring for her daughter following the collision that is the subject of this lawsuit.

49.    Kelly's severe emotional distress was a reasonably foreseeable consequence of Defendants' negligent acts and/or omissions.

50.    The severe emotional distress experienced by Kelly was so severe that no reasonable person could be expected to endure it.

51.    Kelly suffered damages as a result of the severe emotional distress that she has experienced.

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against the Defendants for:

1.  All damages the Estate of Ladell Friesen is entitled to recover pursuant to Mont. Code Ann. § 27-1-513;

2.  Damages in an amount sufficient to compensate Candace and Madison for their damages and losses, including but not limited to, for their physical injuries, bodily impairment, pain and suffering, loss of earnings and earning capacity, altered way of life and

lifestyle, past and future medical expenses, emotional injuries and other special and general damages;

3. Damages in an amount sufficient to compensate Candace for her severe and serious emotional distress as a result of witnessing the death of her husband;

4. Damages in an amount sufficient to compensate Madison Marcocchio for her severe and serious emotional distress as a result of witnessing the death of her uncle and her involvement in the collision that is the subject of this suit;

5. Damages in an amount sufficient to compensate Darryl Marcocchio for his severe and serious emotional distress that he has incurred as a result of caring for his injured daughter, Madison;

6. Damages in an amount sufficient to compensate Kelly Marcocchio for her severe and serious emotional distress that she has endured as a result of caring for her injured daughter, Madison.

7. Punitive damages against Ace Doran and Coles.

8. For all costs incurred by Plaintiffs throughout the course of litigation;

9. Post-judgment interest at the maximum allowable rate under Montana law; and

10.    Any additional and further relief that this Court deems just and equitable under the facts and circumstances of this case.

## **JURY DEMAND**

Plaintiffs respectfully demand a jury trial on all issues so triable.

DATED this 6th day of August, 2012.


PAOLI KUTZMAN, P.C.


By:    /s/ David R. Paoli

David R. Paoli
Attorney for Plaintiff