David R. Paoli
**Paoli Kutzman, P.C.**
257 West Front Street, Suite A
P.O. Box 8131
Missoula, MT 59802
(406) 542-3330
(406) 542-3332 fax
DavidRP@aol.com

Mike Kerensky
**Williamson & Rasnak**
4310 Yoakum Blvd.
Houston, TX 77006
713-223-3330
713-223-0001 fax
Mike@jimmywilliamson.com
*Pro Hac Vice*
**Attorneys for Plaintiffs, Candace Friesen, individually and as
Representative of the Estate of Ladell Friesen and as next friend of her, minor
daughter Abigail Ladell Friesen; Stan Friesen and Lois Friesen.**

UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF
MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CANDACE FRIESEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LADELL FRIESEN and AS NEXT FRIEND OF HER MINOR DAUGHTER ABIGAIL LADELL FRIESEN; STAN FRIESEN; LOIS FRIESEN; DARRYL MARCOCCHIO INDIVIDUALLY AND AS NEXT FRIEND OF HIS MINOR DAUGUTER MADISON MARCOCCHIO; and KELLY MARCOCCHIO, vs. ACE DORAN HAULING & RIGGING, INC.; ISSAC SAUNDERS COLES; and DOES 1-25. | Cause No.: CV-12-134 DLC<br><br>Hon. Judge Dana L. Christiansen<br><br>**THIRD AMENDED COMPLAINT** |

## <u>PLAINTIFFS' THIRD AMENDED COMPLAINT</u>

COMES NOW, CANDACE FRIESEN, INDIVIDUALLY AND AS

REPRESENTATIVE OF THE ESTATE OF LADELL FRIESEN and AS NEXT

FRIEND OF HER DAUGHTER ABIGAIL LADELL FRIESEN; STAN

FRIESEN; LOIS FRIESEN and files this Third Amended Complaint against ACE

DORAN HAULING & RIGGING, INC. also known as ACE DORAN HAULING

AND RIGGING COMPANY, ISAAC SAUNDERS COLES, ACE DORAN

BROKERAGE CO., DAN HAMM LEASING COMPANY, DANIEL HAMM

DRAYAGE COMPANY, DTR OF CINCINNATI, INC., ADCO REALTY, INC.,

RADCO ENTERPRISES, INC., MASTERFLEET SYSTEMS USA, INC.   and

DORAN HOLDING COMPANY, LTD and in support thereof would say and show unto the Court as follows.

## I.

## **PARTIES**

1.      CANDACE FRIESEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LADELL FRIESEN and AS NEXT FRIEND OF HER DAUGHTER ABIGAIL LADELL FRIESEN; STAN FRIESEN; and LOIS FRIESEN at all relevant times were and remain resident citizens of Alberta Canada. CANDACE FRIESEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LADELL FRIESEN and AS NEXT FRIEND OF HER DAUGHTER ABIGAIL LADELL FRIESEN; STAN FRIESEN; and LOIS FRIESEN reside and at all relevant times were lived in the city of Lethbridge, Alberta, Canada.

2.      ACE DORAN HAULING & RIGGING, INC. also known as ACE DORAN HAULING & RIGGING COMPANY (hereinafter "Ace Doran") is a corporation organized under the laws of Ohio and has its corporate offices in Cincinnati, Ohio and is a business for the purpose of accumulating monetary profit. At the time of the incident made the basis of this suit, Ace Doran was conducting business in the state of Montana and this cause of action arises out of those business contacts. Ace Doran has filed an Answer and made an appearance herein for all purposes.

3

3.     ISAAC SAUNDERS COLES (hereinafter "Coles") is an individual who resides in Stone Mountain, Georgia. Coles was an employee or agent of Ace Doran and was conducting business in the state of Montana at the time of the incident made the basis of this suit and this cause of action arises out of those business contacts. Coles has filed an Answer and made an appearance herein for all purposes.

4.     ACE DORAN BROKERAGE CO. (hereinafter "Ace Doran Brokerage") is a corporation organized under the laws of Ohio and has its corporate offices in Cincinnati, Ohio and is a business for the purpose of accumulating monetary profit. At the time of the incident made the basis of this suit, Ace Doran Brokerage was conducting business in the state of Montana as alleged below and this cause of action arises out of those business contacts. Service can be had upon Ace Doran Brokerage by serving its president and registered agent for service, Daniel J. Doran at 1601 Blue Rock Street, Cincinnati, Ohio 45233.

5.     DAN HAMM LEASING COMPANY (hereinafter "Dan Hamm Leasing") is or was a  corporation organized under the laws of Missouri and has its corporate offices in Cincinnati, Ohio and is a business for the purpose of accumulating monetary profit. At the time of the incident made the basis of this suit, Dan Hamm Leasing was conducting business in the state of Montana  as alleged below and this cause of action arises out of those business contacts. Service can be had upon Dan

Hamm Leasing by serving its president, Daniel J. Doran at 1601 Blue Rock Street, Cincinnati, Ohio 45233.

6.      DANIEL HAMM DRAYAGE COMPANY (Hereinafter known as "Dan Hamm Drayage" is or was a  corporation organized under the laws of Missouri and has its corporate offices in Cincinnati, Ohio and is a business for the purpose of accumulating monetary profit. At the time of the incident made the basis of this suit, Dan Hamm Drayage was conducting business in the state of Montana and this cause of action arises out of those business contacts. Service can be had upon Dan Hamm Drayage by serving its president, Daniel J. Doran at 1601 Blue Rock Street, Cincinnati, Ohio 45233.

7.      DTR OF CINCINNATI, INC. (Hereinafter known as "DTR") is or was a corporation organized under the laws of Ohio and has its corporate offices in Cincinnati, Ohio and is a business for the purpose of accumulating monetary profit. At the time of the incident made the basis of this suit, DTR was conducting business in the state of Montana as alleged below and this cause of action arises out of those business contacts. Service can be had upon DTR by serving its president and registered agent for service, Daniel J. Doran at 1601 Blue Rock Street, Cincinnati, Ohio 45233.

8.      ADCO REALTY, INC. (hereinafter known as "ADCO") is a corporation organized under the laws of Ohio and has its corporate offices in Cincinnati, Ohio

and is a business for the purpose of accumulating monetary profit. At the time of the incident made the basis of this suit, ADCO was conducting business in the state of Montana as alleged below and this cause of action arises out of those business contacts. Service can be had upon ADCO by serving its president and registered agent for service, Daniel J. Doran at 1601 Blue Rock Street, Cincinnati, Ohio 45233.

9.     RADCO ENTERPRISES, INC. (hereinafter known as "RADCO") is a corporation organized under the laws of Ohio and has its corporate offices in Cincinnati, Ohio and is a business for the purpose of accumulating monetary profit. At the time of the incident made the basis of this suit, RADCO was conducting business in the state of Montana as alleged below and this cause of action arises out of those business contacts. Service can be had upon DADCO by serving its president and registered agent for service, Daniel J. Doran at 1601 Blue Rock Street, Cincinnati, Ohio 45233.

10.    MASTERFLEET SYSTEMS USA, INC. (hereinafter referred to as "Masterfleet") is a corporation organized under the laws of Ohio and has its corporate offices in Cincinnati, Ohio and is a business for the purpose of accumulating monetary profit. At the time of the incident made the basis of this suit, Masterfleet was conducting business in the state of Montana as alleged below and this cause of action arises out of those business contacts. Service can be had

upon Masterfleet by serving its president and registered agent for service, Daniel J. Doran at 1601 Blue Rock Street, Cincinnati, Ohio 45233.

11.     DORAN HOLDING COMPANY, LTD (hereinafter referred to as "Doran Holding") is a limited partnership organized under the laws of Ohio and has its offices in Cincinnati, Ohio and is a business for the purpose of accumulating monetary profit. At the time of the incident made the basis of this suit, Doran Holding was conducting business in the state of Montana as alleged below and this cause of action arises out of those business contacts. Service can be had upon Doran Holding by serving its president and registered agent for service, Daniel J. Doran at 1601 Blue Rock Street, Cincinnati, Ohio 45233.

## II.

## <u>JURISDICTION</u>

12.   This Court has original diversity jurisdiction pursuant to 28 U.S.C.A.§1332(a)(2). This is a civil action for damages and the amount in controversy exceeds the sum or value of $75,000.00 and is between citizens of the United States and citizens of a the foreign state of Canada. CANDACE FRIESEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LADELL FRIESEN and AS NEXT FRIEND OF HER DAUGHTER ABIGAIL LADELL FRIESEN; STAN FRIESEN; LOIS FRIESEN have not been at any relevant time lawfully admitted for permanent residence in the United States nor

7

have they been domiciled in the same states as ACE DORAN HAULING & RIGGING, INC., ISAAC SAUNDERS COLES, ACE DORAN BROKERAGE CO., DAN HAMM LEASING COMPANY, DANIEL HAMM DRAYAGE COMPANY, DTR OF CINCINNATI, INC., ADCO REALTY, INC., RADCO ENTERPRISES, INC., MASTERFLEET SYSTEMS USA, INC. or DORAN HOLDING COMPANY, LTD at any relevant time.

## III.

## FACTUAL BACKGROUND

13.    On or about February 22, 2011, Candace and Ladell Friesen were returning home from a weekend of skiing and relaxation with their niece, Madison Marcocchio, at the Pine Lodge in Whitefish, Montana. They were traveling northeast on U.S. Route 2 and approaching mile marker 182. Ladell Friesen was driving. Candace was in the front passenger seat and Madison was sitting in the back seat behind Candace in their 2001 Volvo.  As they rounded a corner, headed uphill, they saw an 18 wheeler tractor trailer, sliding out of control and jackknifing down the hill directly towards them. Ladell took all available evasive action to avoid a crash. Ladell pulled to the right onto the shoulder and against the guardrail. The out of control jackknifing tractor trailer crashed into Ladell, Candace and Madison, crushing their Volvo against the guardrail. The tractor trailer continued to skid down the hill after crushing the Volvo against the guardrail. The tractor

trailer was being driven by Coles. Coles was acting on behalf of and was an agent, servant and/or employee of Ace Doran at the time of this crash. Nothing Ladell Friesen did or failed to do was a cause or contributed to the cause of this tremendous crash.

14.    Coles was driving the 18 wheeler tractor trailer on the day of the crash pursuant to a so called "Independent Contractor Agreement" between Coles and Ace Doran. Coles was not an independent contractor. Ace Doran controlled the details of Coles' work on a daily basis. Coles did not drive for any other trucking company at the time of crash. Coles was on his way to pick up cargo at the direction of Ace Doran at the time of the crash. Pursuant to the agreement between Coles and Ace Doran, Ace Doran was responsible for the inspection, maintenance and repair of the truck and trailer that Coles was driving at the time of the crash. Pursuant to the agreement between Coles and Ace Doran, both Ace Doran and Coles were responsible for inspecting, maintaining and repairing the truck and trailer in a manner that complied with federal safety standards. Ace Doran and Coles failed to inspect, maintain and/or repair the truck and trailer properly prior to the crash made the basis of this suit. In fact, the truck and trailer were not in compliance with federal safety standards  written and enforced to protect the public traveling on public roadways. The failure of Ace Doran and/or Coles to properly inspect, maintain and repair the truck and trailer involved in the crash made the

basis of this suit was negligence and negligence per se and was a proximate cause of the crash in question. Further, Ace Doran and/or Coles actually knew the truck and trailer involved in this crash was not in compliance with federal safety standards and therefore dangerous to the traveling public on the highways of Montana or they were consciously indifferent to those dangerous conditions. Ace Doran and Coles were obligated under United States federal safety regulations to inspect, maintain and repair the tractor and trailer involved in the crash made the basis of this suit. Ace Doran and/or Coles were contractually responsible to inspect, maintain and repair the 18 wheeler truck and trailer involved in the crash made the basis of this suit. Ace Doran and/or Coles breached their regulatory duty and contractual obligations to inspect, maintain and repair the 18 wheeler truck and trailer involved in the crash made the basis of this suit, and said breaches were a proximate cause of the crash in question.

15.     On the occasion in question, Coles was operating his truck in violation of federal regulations limiting the amount of time a truck driver in interstate commerce can be on duty on a given day and drive on a given day. Coles had a long history of violating these federal regulations and other federal regulations governing how much a truck driver can drive in a given time period. Ace Doran was actually aware of Coles' history of driving in violation of these federal safety standards. Ace Doran was negligent in its failure to supervise, discipline and/or

terminate Mr. Coles as a result of his repeated failures to follow federal safety standards that are intended to protect the safety of the motoring public including the Plaintiffs themselves.

16.    Ace Doran knew or should have known that Coles had a bad driving record and in fact had his driver's license suspended as a result of serious violations of traffic regulations. Ace Doran hired Coles when they knew or should have known of his driving history.

17.    Coles was negligent in the operation of the tractor and trailer that crashed into the Friesen Volvo on or about February 22, 2011.  Coles was driving too fast for the conditions.  Coles failed to place safety chains on the tires of the tractor and trailer prior to the crash in question.  Coles improperly and negligently applied his brakes on the tractor and trailer causing it to lose control and impairing his ability to regain control.  Coles knew that the tractor and trailer he was driving did not meet minimum United States safety standards and was negligent in operating the vehicle in that condition.  These acts of negligence were a proximate cause of the crash made the basis of this suit.

18.    Ladell Friesen enjoyed an extraordinarily close relationship with his mother and father, Stan and Lois Friesen. They all lived in Lethbridge, Alberta where Ladell had been raised with his sister. Ladell spoke with both his parents on an almost daily basis.  One of Ladell's closest confidants was his mother. Ladell and

his father Stan, in addition to being father son, had a business relationship. Stan would assist Ladell in his growing construction business. Ladell and Stan had formed a partnership in a new business that would sell cut stone to the construction industry in Alberta that was flourishing at the time. They had found a special type of stone cutting equipment and a third business partner to join them in this new venture. They had planned to order this equipment the week after the crash made the basis of this suit. The venture was funded. Ladell had told his father, "This business will provide for your and mom's retirement." This was one of Ladell's ways of thanking his parents for all that they had done for him growing up and as a young adult. Ladell was always available to Stan and Lois to help them in any way he could around the house, businesswise or otherwise. Stan and Lois were crushed when they heard about the crash made the basis of this case. Ladell was their son and a huge part of their everyday life. He and Candace were expecting their grandchild.

19.    The crushing impact of this crash caused serious injuries to Candace. Ladell had taken the brunt of the impact on the driver's side of the vehicle. Ladell did not die immediately, he was seen to be gasping and moaning from his severe injuries. Ladell had been pushed over and was leaning against Candace's seat. She cradled his head in her hands and tried to talk to Ladell. Candace looked to see how badly Madison was injured. At first Madison seemed unconscious, but slowly started

moving and crying in pain.  Candace and Madison saw that Ladell's head was severely injured and his blood was spattered throughout the interior of the Volvo and onto them both. Candace and Madison were terrified. It was getting darker. There were no eye witnesses to the impact of the crash or events leading up to the crash. Other people who were traveling on U.S. Route 2 stopped to render aid. All the windows of the Friesen Volvo had been smashed except the back seat passenger side window. It was a cold February evening and it was getting darker. Madison kept asking what was wrong with Uncle Ladell. The bystanders handed Candace a blanket to cover her husband, Ladell, in hopes that he might survive and to prevent him from going into shock.  Ladell Friesen survived the crash for an appreciable amount to time and then died on the scene.  Candace did not want to leave her husband behind in the Volvo. It took a long time for the emergency workers and state police to arrive at the accident scene. Candace wanted to get Madison to safety and out of the car, but she did not want to leave her mortally wounded husband. Bystanders helped Madison climb out of the smashed back window. Candace stayed with Ladell holding his head talking to him. She begged him to come back to her. After a long while, bystanders rendering aid convinced Candace that she needed to get out of the car so the extent of her injuries could be assessed. It was devastating having to leave Ladell behind, trapped in the crushed Volvo. Candace joined Madison in a bystander's vehicle. Madison was horrified

by Candace's face that was black and burned in the crash. The first emergency crews arrived and it was then that they told Candace that Ladell was gone. Candace asked if once they got Ladell out of the Volvo if maybe he might still be alive. The emergency personnel told her that they would do all that could be done for Ladell once they cut him out of the Volvo with the jaws of life. Candace and a woman who had comforted Madison in the bystander vehicle accompanied her to the ambulance and rode with her to the hospital.  As they drove away, Ladell Friesen was still trapped in their Volvo. Ladell Friesen, husband of Candace and expectant father, son to Lois and Stan Friesen, and uncle to Madison, was dead.

20.    On or about August 25, 2011, Candace gave birth to her and Ladell's daughter.  A 7 pound, 1 ounce healthy baby girl.  After the crash, there was uncertainty about whether their unborn child had been injured in the crash. All that could be done was wait and see if the baby would be healthy.  Candace named her Abigail Ladell Friesen.  Candace was still overwhelmed with the grief of losing her husband.  Candace now faced the future without Ladell.  Ladell was a good provider with a growing and strong construction business.  He was a great husband who loved and was completely devoted to his wife, Candace.  Ladell was so excited about becoming a father that he could hardly contain himself.  Now he was gone and Candace had just given birth to a child who would never meet her father. Without Ladell,  Candace faced the uncertainty of providing for her daughter

alone.   Candace had to face the reality that she would raise Abigail as a single parent.   These facts were overwhelming to Candace.   She was simultaneously flooded with the joy of having a beautiful baby girl and the devastation of not being able to share the experience of loving and raising this child with her child's father and her loving husband, Ladell.

21.    Regarding the Defendants, Ace Doran, Ace Doran Brokerage, Dan Hamm Leasing, Dan Hamm Drayage, DTR, Adco, Radco, Masterfleet and Doran Holding, Plaintiffs would say and show that these companies have been operating as a joint enterprise and/or as alter egos of one another for the purposes of engaging in the interstate trucking business. All these defendants share the same officers and directors. All these defendants share the same shareholders. With the exception of Ace Doran and Adco, these defendants have not followed the necessary corporate procedures.  These defendants did not keep corporate minutes or hold shareholder or directors meetings in accordance with law. In essence, all these Defendants operated as the alter-ego, instrumentality and/or agent of Ace Doran. The purpose of the interdependency and linkage between Ace Doran and Ace Doran Brokerage, Dan Hamm Leasing, Dan Hamm Drayage, DTR, Adco, Radco, Masterfleet and Doran Holding was to defeat public convenience, justify a wrong and/or perpetrate a fraud. Specifically, Plaintiffs would say and show that this interrelationship between Ace Doran, Ace Doran Brokerage, Dan Hamm

Leasing, Dan Hamm Drayage, DTR, Adco, Radco, Masterfleet and Doran Holding is designed to compartmentalize the assets of Ace Doran to prevent the exposure of those assets from execution on a judgment against Ace Doran.  Ace Doran and Adco are run as one corporation. They have the same officers and directors. They have conducted joint quarterly, annual and special meetings of the shareholders and officers since at least 2007 and continue to jointly manage the business of both companies. Adco holds parcels of real property as its principal assets. Adco has pledged those assets as security for indebtedness of Ace Doran. Adco has advanced Ace Doran cash for operational purposes. Dan Hamm Leasing and Daniel Hamm Drayage own and lease to Ace Doran the trailers used by Ace Doran in their interstate trucking business. In 2007 Dan Hamm Drayage advanced to its "affiliates" $153,042.00. On information and belief, that advance was to Ace Doran and/or Adco to fund the trucking operation. Daniel Hamm Drayage and Dan Hamm Leasing are wholly owned subsidiaries of Ace Doran.  While Dan Hamm Leasing was leasing trailers to Ace Doran, it was carrying an accounts payable balance of between $501,695.06 and $466,761.85 with Ace Doran. In July of 2000, DTR agreed to guarantee payments due and owing by Doran Holding in the amount of $2,000,000.00.  DTR is an affiliated company of Ace Doran and shares complete identity of shareholders, officers and directors with Ace Doran and Adco. DTR's annual meeting of the shareholders in 2007 was held jointly with Ace

Doran, Doran Holding, Ace Doran Brokerage, Dan Hamm Leasing, Adco, and Radco.  Adco has carried accounts receivable from Ace Doran as follows: 2007-$459,954.37; 2008- $348,715.07; 2009- $271,497.23; 2010-$319,835.02; 2011-$317,854.15. Adco has held its quarterly, annual and special meetings of the shareholders, officers and board of directors jointly with Ace Doran from 2007 to present. Radco is an affiliated company to Adco and Ace Doran with complete identity of officers, directors and shareholders. As of 2011, Radco carried a balance of advances of cash to Ace Doran in the amount of $78,493.00. Master Fleet shares complete identity of officers, directors and shareholders with Ace Doran and Adco. As of 2011, Master Fleet shows an advance of cash to Ace Doran in the amount of $4,922.00. Master Fleet does not show any income during this time. Doran Holding is the general partner and principal shareholder in Ace Doran, Ace Doran Brokerage, Daniel Hamm Drayage, Dan Hamm Leasing, Adco, Radco, DTR and Master Fleet. Ace Doran Holding is responsible for a debt to the IRS for estate taxes. Ace Doran, Adco, Dan Hamm Leasing, Radco, DTR and Master Fleet have all pledged their assets as security for this IRS indebtedness. In May of 2012, Ace Doran Brokerage, Adco and Dan Hamm Leasing pledged all their assets as security for indebtedness of Ace Doran for a bank loan from the Crestmark Bank. The corporate resolutions of Ace Doran Brokerage, Adco and Dan Hamm Leasing all stated that the reason for pledging all their assets in favor of the bank loan to

Ace Doran was the "Company's economic success is linked to an interdependent with the economic success of Ace Doran Hauling & Rigging Co."   These Defendants are operating as one entity, all as agents and alter egos of each other in a joint enterprise for the purposes of engaging in the business of interstate trucking. It was that business enterprise that led to the operation of the Ace Doran truck involved in the fatal crash that killed Ladell Friesen and injured Candace Friesen.

## IV.

### FIRST CAUSE OF ACTION-NEGLIGENCE – ACE DORAN

22.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

23.    Ace Doran was negligent in regarding the inspection, maintenance and repair of the 18 wheeler truck and trailer that was involved in the crash made the basis of this suit. Ace Doran had the duty as a reasonably prudent trucking company to inspect, maintain and repair the 18 wheeler truck and trailer that was being driven by Coles at the time of the crash made the basis of this case. Ace Doran breached this duty and said breach was negligent. Ace Doran further contractually assumed the duty  to inspect, maintain and repair the 18 wheeler truck and trailer that was being driven by Coles at the time of the crash made the basis of this case. Ace Doran breached these contractual duties and said breach was negligent. This negligence on the part of Ace Doran was a proximate cause of the

crash made the basis of this suit and the damages of the Friesen family who are Plaintiffs herein.

24.    Further, Ace Doran was negligent in its monitoring, supervision, discipline and failure to suspend or terminate Coles as a result of his failure to adhere to federal safety standards governing the maintenance and repair of the truck being operated by Coles on behalf of Ace Doran. Ace Doran was negligent in its monitoring, supervision, discipline and failure to suspend or terminate Coles as a result of his failure to adhere to federal safety standards governing the amount of time a driver can operate a truck or be on duty in a given time period. Ace Doran knew or should have known that Coles was violating these safety standards. Ace Doran knew or should have known that these safety standards were intended to provide a margin of safety in the operations of trucks engaged in interstate commerce such as the truck being operated by Coles on behalf of Ace Doran at the time of the crash in question. At the time of the crash in question, Coles was operating his truck on behalf of Ace Doran in violation of those safety regulations. The failure of Ace Doran to monitor, supervise, discipline, suspend or terminate Coles as a result of his failures to adhere to federal motor carrier safety standards was a proximate cause of the crash in question and the damages of the Friesen family.

## V.

## SECOND CAUSE OF ACTION – NEGLIGENCE PER SE – ACE DORAN

25.   Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

26.   Ace Doran was obligated to inspect, maintain and repair trucks that it was operating or leasing as part of its fleet of trucks pursuant to United States federal safety standards applicable to commercial trucks.  The purpose of the United States federal safety standards is to protect motorists who share public highways with commercial trucks. The 18 wheeler truck and trailer involved in the crash made the basis of this case did not satisfy minimum United States federal safety standards and regulations including but not limited to, The Motor Carrier Safety Improvement Act of 1999; 49 CFR §396.3; 49 CFR §396.7; 49 CFR §396.9; 49 CFR §396.13; 49 CFR 396.17;   49 CFR §393.75; 49 CFR §385.5; 49 CFR §390.11; 49 CFR §390.13; 49 CFR §392.7.  Ace Doran failed to comply with the minimum requirements of all or some of these United States federal regulations promulgated by the Federal Motor Carrier Safety Administration, Department of Transportation. As such, Ace Doran was negligent per se as a result of these violations. The violation of these regulations was a proximate cause of the crash made the basis of this suit and the Plaintiffs' damages.

27.    Ace Doran was obligated to monitor, supervise, discipline and/or terminate or suspend its drivers that violated federal safety standards governing the operation of trucks in interstate commerce that limit the amount of time a driver can be on duty or drive a truck over a defined period of time. Ace Doran knew or should have known that Coles had a history of violating these federal safety standards. Ace Doran took no action or inadequate action to enforce its own safety standards and the safety standards of the federal regulatory agencies governing and limiting the amount of time a driver can drive regarding its driver Coles. Coles was in violation of the standards and regulations governing the amount of time a driver can be on duty or drive his truck.  Ace Doran knew or should have known Coles would violate these safety standards and regulations and failed to enforce those standards and safety regulations with regard to the operation of trucks by Coles on behalf of Ace Doran. Said failure to take appropriate action to prevent illegal operation of trucks by Coles on behalf of Ace Doran was a proximate cause of the crash in question and the damages of the Friesen family.

## VI.

## THIRD CAUSE OF ACTION-GROSS NEGLIGENCE – ACE DORAN

28.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

29.     Ace Doran principles, including but not limited to its President Dan Doran, acted with actual malice regarding the safety and welfare of persons traveling on the public highways of Montana, United States and Canada.   Ace Doran had knowledge of facts and/or intentionally disregarded facts that created a high probability of injury or death to persons traveling on the public highways, including Ladell and Candace Friesen and Madison Marcocchio.   Ace Doran deliberately proceeded to act in conscious disregard and/or indifference to the high probability of injury or death to persons traveling on the public highways, including Ladell and Candace Friesen and Madison Marcocchio.   As a result of Ace Doran's actual malice and/or conscious indifference, Plaintiffs seek punitive damages as provided under Mont. Code Ann. § 27-1-221 and Mont. Code Ann. § 27-1-220 and all other applicable statutes and the common law of Montana.

**VII.**

**FOURTH CAUSE OF ACTION – NEGLIGENT HIRING, SUPERVISION AND RETENTION**

30.     Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

31.     Defendant Ace Doran knew, or in the exercise of reasonable care should have known, that Defendant Coles was incompetent and unfit to perform the job that he was hired to perform.   Ace Doran failed to adequately supervise and train

22

Coles how to safely operate the tractor and trailer he was driving when the crash occurred.

32.    Defendant Ace Doran had a duty of reasonable care to ensure Coles was competent, fit, supervised and trained to safely operate the tractor and trailer he was driving at the time of the crash in a safe manner.

33.    Defendant Ace Doran breached their duty by hiring and retaining Coles who was incompetent and unfit to safely drive the tractor and trailer and failing to supervise and train Coles in the safe operation of the tractor and trailer he was driving at the time of the crash.

34.    Defendant Ace Doran's failure to exercise reasonable care in the hiring, supervision, training and retention of Coles was a proximate cause of the crash, Ladell's death and Candace's and Madison's injuries.

## VIII.

## FIFTH CAUSE OF ACTION-NEGLIGENCE-COLES

35.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

36.    Coles was negligent in the operation of the Ace Doran 18 wheeler truck and trailer that crashed with the Friesen vehicle and  killed Ladell Friesen and injured the bodies of Candace Friesen and Madison Marcocchio.  Coles had a duty to operate the Ace Doran 18 wheeler truck and trailer in a careful prudent manner that

does not unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to use of the highway. Coles had a duty to exercise ordinary care in the operation of the Ace Doran 18 wheeler truck and trailer prior to the crash made the basis of this case. Further Coles had a duty to maintain, repair and inspect the tractor trailer he was driving at the time of the crash. Coles failed in his duty to maintain, repair and inspect the tractor trailer he was driving at the time of the crash. The tractor trailer Coles was driving was not properly maintained repaired or inspected by Coles prior to the crash in question and as a result the tractor trailer was unsafe to drive upon the public highways under the circumstances of the day of the crash. Coles breached the duty of ordinary care and said breaches were a proximate cause of the damages of the Plaintiffs.

37.    Coles was negligent in operating his truck in violation of federal safety standards governing the maintenance and repair of the truck he was driving on behalf of Ace Doran at the time of the crash in question. Coles was negligent in operating his truck in violation of federal safety standards limiting the amount of time a truck driver can be on duty or drive in a defined period of time.   These regulations are intended to provide a margin of safety for the motoring public that must share the roadways with large 18 wheel tractor trailer rigs.  Coles knew or should have known that the operation of the truck on behalf of Ace Doran in violation of these safety standards and/or regulations was dangerous. The failure of

Coles to adhere to the mandates of these safety standards and/or regulations was a proximate cause of the crash in question and the damages of the Friesen family.

## IX.

### SIXITH CAUSE OF ACTION- NEGLIGENCE PER SE-COLES

38.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

39.    Coles was charged with and was guilty of violating  MCA 61-8-302 Careless Driving.   Coles failed to operate his Ace Doran 18 wheeler truck and trailer in a careful prudent manner that does not unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to use of the highway.  MCA 61-8-302 was enacted to protect the traveling public from drivers who operate their vehicles in a manner that unduly and unreasonably endangers the life and limbs and other rights of persons such as Ladell and Candace Friesen who had a right to use the roadway on the evening of the crash in question. This statutory violation was a  proximate cause of the crash made the basis of this suit and the Plaintiffs damages.

40.    Coles was operating the tractor trailer involved in the crash in violation of the Code of Federal Regulations regarding safety of tractor trailers involved in interstate transportation. Coles operated his truck in the course of interstate commerce prior to and at the time of the crash in question. The federal safety

regulations regarding the maintenance, repair and inspection of tractor trailers and limiting the amount of time a truck driver can drive and/or be on duty during a defined time period for drivers of commercial trucks involved in interstate trucking are designed to protect the general public from unsafe conditions and practices on the part of truckers and trucking companies involved in interstate transportation. As a result of these violations, Coles was negligent per se and said negligence was a proximate cause of the crash in question and the damages of the Friesen family

## X.

## SEVENTH CAUSE OF ACTION-WRONGFUL DEATH AND SURVIVAL CAUSE OF ACTION DAMAGES

41.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

42.    Candace Friesen has been appointed the personal representative of the Estate of Ladell Friesen.  Candace Friesen therefore asserts on behalf of the Estate of Ladell Friesen, as well as the heirs of Ladell Friesen including Candace Friesen, Ladell Friesen's minor daughter, Abigail Ladell Friesen, a cause of action for the wrongful death of Ladell Friesen seeking all  elements of damages permitted under Montana law pursuant to MCA 27-1-323, MCA 27-1-513 and MCA 27-1-501 and all other applicable statutes as well as the common law of Montana. Further, Candace Friesen, individually and as next friend of her minor daughter, Abigail

Ladell Friesen, Stan Friesen and Lois Friesen all seek recoverable wrongful death damages in their individual capacity. The wrongful death of Ladell Friesen was proximately caused by the negligence, negligence per se and gross negligence of Ace Doran and the negligence and negligence per se of Coles. Further, Stan and Lois Friesen would say and show that they had an unusually close and interdependent relationship with their son Ladell, including financial dependency as described above and therefore are entitled to recover for loss of consortium as a result of the death of their son, Ladell Friesen, in addition to the grief, sorrow, mental anguish and anxiety that they suffered as a result of their son's death.

## XI.

## EIGHTH CAUSE OF ACTION – PERSONAL INJURIES
## CANDACE FRIESEN

43.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

44.    Candace Friesen suffered injuries to her body as a result of the crash in question. As a result of those injuries, Candace Friesen seeks damages for her personal injuries, both those damages that she has suffered in the past and those that she will, in reasonable medical probability or certainty suffer in the future. Candace Friesen seeks all elements of damage to which she is entitled under Montana law, both in the past and in the future, including but not limited to,

medical costs, pain and suffering, mental anguish and anxiety, impairment of function and loss of income and loss of earning capacity.

## XII.

## NINTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – CANDACE FRIESEN

45.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

46.    Defendants' conduct caused Candace to suffer and to continue to suffer from severe and serious emotional distress, mental anguish, grief and sorrow as a result of witnessing the death of her husband.   Such distress was a reasonable and foreseeable consequence of Defendants' negligent conduct. Candace has incurred and continues to incur damages as a result of her emotional distress, mental anguish, grief and sorrow.  Defendants are liable to Candace for the damages she suffered from in the past and will in reasonable probability suffer from in the future resulting from her emotional distress, mental anguish, grief and sorrow.

## XIII.

## TENTH CAUSE OF ACTION- JOINT ENTERPRISE, ALTER EGO, JOINT AND SEVRERAL LIABILITY- ACE DORAN, ACE DORAN BROKERAGE, DAN HAMM LEASING, DAN HAMM DRAYAGE, DTR, ADCO, RADCO, MASTER FLEET, and DORAN HOLDING

47.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

48.     Ace Doran, Ace Doran Brokerage, Dan Hamm Leasing, Dan Hamm Drayage, DTR, Adco, Radco, Masterfleet and Doran Holding were acting in a joint enterprise and/or were the alter ego's of one another and acting as one enterprise for the purposes of earning a monetary profit in the interstate trucking business. Each one acting in concert were the alter ego, the instrumentality and/or agent of Ace Doran. Further, the division of Ace Doran's interstate trucking business into these separate but interdependent entities was for the purposes of creating a subterfuge to defeat public convenience, justify the wrongs of Ace Doran and/or perpetuate a fraud. Ace Doran created this corporate fiction and interrelated web of corporations for the purposes of protecting assets that otherwise would be subject to execution or garnishment in satisfaction of a judgment against Ace Doran for negligent operation of its trucking business. Therefore, as a result of this joint enterprise/alter ego web of connected and interrelated corporate entities, Ace Doran, Ace Doran Brokerage, Dan Hamm Leasing, Dan Hamm Drayage, DTR, Adco, Radco, Masterfleet and Doran Holding are jointly and severally liable for the torts of Ace Doran or its' agents, servants and employees. The negligence of Ace Doran and its agent, Coles, is thereby imputed to Ace Doran's interrelated corporate entities named above and they are jointly and severally liable to Plaintiffs for the damages proximately caused by the negligence and gross negligence of Ace Doran and its' agent, servant and or employee, Coles. Plaintiffs

seek to recover their damages as awarded to them as a result of the negligence or gross negligence of Ace Doran or its' agents, servants and employees from the alter ego and/or joint enterprise members known as Ace Doran Brokerage, Dan Hamm Leasing, Dan Hamm Drayage, DTR, Adco, Radco, Masterfleet and Doran Holding.

49.   Further, the pledging of all assets of Ace Doran Brokerage Company, ADCO and Daniel Hamm Leasing are in violation of the Federal and Montana Fraudulent Transfers Act.   Ace Doran Brokerage, ADCO and Daniel Hamm Leasing pledged all their assets to Crestmark Bank for the alleged purpose of securing the indebtedness of Ace Doran.   Ace Doran Brokerage, ADCO and Daniel Hamm Leasing received no financial benefit or consideration for the pledging of 100% of their assets in favor of Ace Doran. This action was intended to place judgment creditors, such as the Friesen family in a subordinate position to Crestmark Bank in any effort to collect a judgment against Ace Doran Brokerage, ADCO or Daniel Hamm Leasing and, therefore, is in violation of the Federal and Montana Fraudulent Transfer Act.

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against the Defendants for:

1. All damages that the Estate of Ladell Friesen is entitled to recover pursuant to Mont. Code Ann. § 27-1-513;

2. Damages in an amount sufficient to compensate Candace Friesen and Stan and Lois Friesen for their damages and losses, including but not limited to, for their physical injuries, bodily impairment, pain and suffering, loss of earnings and earning capacity, altered way of life and lifestyle, past and future  medical expenses, emotional injuries, loss of consortium  and other special and general damages;

3. Damages in an amount sufficient to compensate Candace Friesen for her severe and serious emotional distress as a result of witnessing the death of her husband;

4. Punitive damages against Ace Doran and Coles;

5. For all costs incurred by Plaintiffs throughout  the course of litigation;

6. Post-judgment interest at the maximum allowable rate under Montana law; and

7.  Any additional and further relief that this Court deems just and equitable under the facts and circumstances of this case.

## **JURY DEMAND**

Plaintiffs respectfully demand a jury trial on all issues so triable.

Respectfully submitted,

WILLIAMSON & RUSNAK

By:  ___ /s/  Michael W. Kerensky_____ .
MICHAEL W. KERENSKY
4310 Yoakum Blvd.
Houston, TX 77006

713-223-3330
713-223-0001 fax
Mike@jimmywilliamson.com
*Pro Hac Vice*

PAOLI KUTZMAN, P.C.
David R. Paoli
257 West Front Street, Suite A
P.O. Box 8131
Missoula, MT 59802
(406) 542-3330
(406) 542-3332 fax
DavidRP@aol.com
**Attorney for Plaintiffs, Candace**
**Friesen, Individually and as Representative**
**of the Estate of Ladell Friesen, Deceased,**
**and as Next Friend of Her Minor**
**Daughter, Abigail Ladell Friesen;**
**Stan Friesen and Lois Friesen**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was filed electronically on the __26th__ day of June 2013.  Notice of this filing will be sent by operation of the Court's electronic filing system to all Parties indicated on the electronic filing receipt.   All other parties will be served via regular U.S. Mail and/or Certified Mail, Return Receipt Requested, and/or Facsimile and/or Hand Delivery.  Parties may access this filing through the Court's electronic filing system.

Brian J. Smith                                        *Via Certified Mail, R.R.R.*
Kathryn S. Mahe
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street
P. O. Box 7909
Missoula, MT 59807-7909
**Attorneys for Defendant**
**Ace Doran Hauling and Rigging Company**

Robert J. Phillips                                    *Via Certified Mail, R.R.R.*
Katherine Leque
PHILLIPS HAFFEY PC
283 West Front, Suite 301
Post Office Box 8569
Missoula, MT 59807-8569
Phone: (406) 721-7880
Facsimile: (406) 721-0058
**Attorneys for Defendant Isaac Saunders Coles, Jr.**


    */s/  Michael W. Kerensky*        .
Michael W. Kerensky